134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald David MANCINI, Defendant-Appellant.
 No. 97-10110.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 16, 1998.**
Jan. 26, 1998.
 
 Before: WIGGINS, NOONAN, TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Gerald David Mancini appeals his conviction of conspiracy to import marijuana (21 U.S.C. §§ 952(a) & 963), importation of marijuana and aiding and abetting (21 U.S.C. § 952(a) and 18 U.S.C. § 2), conspiracy to distribute marijuana (21 U.S.C. §§ 841(a)(1) & 846), and possession of marijuana with intent to distribute and aiding and abetting (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2). Mancini contends that the superseding indictment should have been dismissed, that there was insufficient evidence to support his conviction, and that the district court erred in allowing testimony concerning Mancini's post-arrest statements. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 Mancini argues that the district court erred when it refused to dismiss his superseding indictment. The government presented this superseding indictment to the same grand jury that returned the original indictment. The superseding indictment added one count which pertained only to Mancini's codefendant, Richard Larson--it was irrelevant to the charges against Mancini. Mancini contends that the superseding indictment must be dismissed because the government failed to reintroduce to the grand jury any evidence pertaining to the four counts with which Mancini was charged. This argument fails.
 
 
 4
 The sufficiency of an indictment is reviewed de novo. See United States v. Dischner, 974 F.2d 1502, 1518 (9th Cir.1992).
 
 
 5
 Mancini's challenge to the sufficiency of the superseding indictment has been squarely foreclosed by a long series of cases. It is well established that "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charges on the merits." Costello v. United States, 350 U.S. 359, 363 (1956). Here, the grand jury was legally constituted and unbiased, and the superseding indictment was valid on its face. It was, therefore, legally sufficient.
 
 
 6
 The government did not have a duty to reintroduce evidence pertaining to Mancini when it sought the superseding indictment. The same grand jury already returned an indictment against Mancini based on that evidence. Moreover, "incomplete evidence before the grand jury [does not] detract from the resulting indictment." United States v. DeLuca, 692 F.2d 1277, 1280 (9th Cir.1982). There is no authority for the proposition that the government must re-present to the same grand jury the same evidence that the grand jury previously had heard. Accord United States v. Vadino, 680 F.2d 1329, 1333 (11th Cir.1982) ("[W]e perceive no basis for holding that the grand jury must be told a second time what it already had been told."). Therefore, Mancini's challenge to the superseding indictment fails.
 
 II.
 
 7
 Mancini's second claim is that there was insufficient evidence to support his conviction. He contends that there was no evidence that he knowingly imported, distributed, or possessed marijuana or that he conspired with others to do so. A review of the record suggests otherwise.
 
 
 8
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mullins, 992 F.2d 1472, 1477 (9th Cir.1993). (quoting United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992)).
 
 
 9
 The testimony of codefendant Michael Houlahan, coupled with the government's physical evidence, provided more than enough evidence on which the jury could base a conviction on all counts. Houlahan testified about a conspiracy between himself, Richard Larson, Gerald Mancini, and others to import marijuana from Mexico into the United States. While Houlahan never explicitly discussed marijuana with Mancini, his testimony strongly suggests that Mancini knew about the drug operation. During discussions about the smuggling operation, Larson told Houlahan that Mancini would refuel the plane carrying the marijuana. It is incredible that Mancini would agree to refuel a plane at a remote airstrip and not know that he was aiding a smuggling operation. Moreover, Larson instructed Houlahan to address Mancini by the code name "Mr. Bond." The use of a code name suggests that Mancini was aware of the illicit nature of the operation. Houlahan's testimony alone is enough to implicate Mancini in the conspiracy to import and distribute marijuana. See United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986) ("The uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or unsubstantial on its face.").
 
 
 10
 The government, however, offered more evidence than the uncorroborated testimony of Michael Houlahan. Mancini was present at an isolated airstrip when Richard Larson arrived in a plane carrying 1,600 pounds of marijuana. Furthermore, Mancini possessed a large fuel tank which was necessary to refuel Larson's airplane. Mancini also had hand-held radios which were set to channel 27, the same channel to which radios in the possession of Houlahan and Larson were set. When law enforcement agents arrived at the airstrip, Mancini was approaching Larson's aircraft. Upon seeing the agents, Mancini quickly fled in his truck. This evidence corroborates Houlahan's testimony that Mancini knowingly participated in the drug smuggling operation. Taken together, there is more than enough evidence that Mancini conspired to import and distribute marijuana, aided and abetted the importation of marijuana, and possessed marijuana with intent to distribute. Thus, Mancini's insufficiency of the evidence claim fails.
 
 III.
 
 11
 Mancini's final claim is that the district court erred in allowing testimony concerning his post-arrest and non-mirandized statement in which he denied driving his truck. Mancini did not move to suppress the statement before the trial. Rather, he objected to its admission during the trial. The district court allowed the testimony, in part because Mancini did not comply with Federal Rule of Criminal Procedure 12(b)(3). The district court did not err in this decision.
 
 
 12
 Under Federal Rule of Criminal Procedure 12(b)(3), a motion to suppress evidence "must" be raised prior to trial; the failure to raise the motion constitutes a waiver. Rule 12(f) allows the district court to grant relief from the waiver "for cause shown." "We review a denial of relief under Federal Rule of Criminal Procedure 12(f) for abuse of discretion." United States v. Kessee, 992 F.2d 1001, 1002 (9th Cir.1993).
 
 
 13
 In this case, Mancini does not dispute that the defense was aware of the challenged statement months before trial, yet failed to raise a motion to suppress. Mancini has failed to show good cause for the lateness of the motion. Thus, the district court did not abuse its discretion in denying Rule 12(f) relief. Cf. Kessee, 992 F.2d at 1003 (rejecting the defendant's claim of Rule 12(f) relief).
 
 
 14
 Affirmed.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3